UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| EMONI DANIELS and CLINTON MCNAIR, <br><br> Plaintiffs, <br><br> v. <br><br> ALLY FINANCIAL, <br><br> Defendant. | HONORABLE KAREN M. WILLIAMS <br><br> Civil Action <br> No. 23-02410 (KMW-SAK) <br><br> MEMORANDUM OPINION AND <br> ORDER |

This matter comes before the Court *sua sponte* in connection with the Complaint and Application to Proceed *In Forma Pauperis* of Plaintiffs Emoni Daniels and Clinton McNair. Having reviewed the Application, the Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Plaintiffs' Application shall accordingly be granted. Because Plaintiff shall be granted *in forma pauperis* status in this matter, the Court is required to screen the Complaint pursuant to 28 U.S.C. §1915(e)(2)(B), and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or otherwise seeks relief from an immune defendant. For the reasons set forth below, Plaintiffs' Complaint is dismissed for failing to state a claim.

1) Plaintiffs, proceeding *pro se*, brings this action against Defendant Ally Financial alleging violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681. Plaintiffs assert that Ally Financial has knowingly reported inaccurate information to consumer rating agencies which has damaged their credit scores, resulting in denials for extension of credit and high interest rates. Plaintiffs have alleged that they have experienced, undue hardship such as being unable to get approval for apartments due to inaccurate information appearing on their consumer reports. (ECF No. 1 at ¶III. C.; ¶IV.). Plaintiffs purport to have notified Ally Financial about the discrepancies on their credit reports by certified mail. (*Id.* at ¶III. C.).

2) The FCRA does impose duties on "furnishers of information" like Ally Financial.[1] Plaintiffs did not specify under which subsection their claim falls in their Complaint, and so the Court will review both subsection (a) and (b) of 15 U.S.C. §1681s-2 which relate to a furnisher's obligations under the Act.

3) Subsection (a) imposes duties on furnishers of information to ensure the accuracy of that information being provided, and generally prohibits relaying any information they "know or have reasonable cause to believe" to be inaccurate to credit rating agencies. *See Burrell v. DFS Servs., LLC*, 753 F. Supp. 2d 438, 446 (D.N.J. 2010). However, this prohibition only applies if furnisher has "clearly and conspicuously" specified an address to which consumers may send complaints regarding any inaccuracies, and that furnisher has been notified that the specific information is inaccurate and that, in fact, the information is inaccurate. *Id.* This means that the furnisher may submit information, even if they have reasonable cause to believe it is inaccurate, as long as they provide an address that consumers can use to dispute such information and the furnisher has not yet received a complaint about the information at issue. *Id.* at 447. Most importantly, subsection (d) prohibits private enforcement of subsection (a) and reserves the enforcement of this subsection to government officials. *Id.* at 448. Therefore, Plaintiffs' claim, as it relates to subsection (a), must be dismissed with prejudice.

4) Subsection (b) requires furnishers to investigate and correct inaccuracies within 30 days when *credit rating agencies* inform them of disputed information, not the consumers. *Id.* In order for Plaintiffs to state a claim under subsection (b), they must alert the credit rating

---

[1] The FCRA imposes duties on both credit rating agencies and "furnishers of information," a term that is undefined by the statute itself, but is understood to include "any entity that reports information relevant to a consumer's credit rating . . . [t]he most common . . . furnishers of information are credit card issuers, auto dealers, department and grocery stores, lenders, utilities, insurers, collection agencies, and government agencies." *Burrell*, 753 F. Supp. 2d at 446 (internal citations and quotations omitted).

agency of the disputed information. Only then, once the furnisher has been notified of the dispute by the credit rating agency, does the furnisher become obligated to investigate the accuracy of the contested information. *Id.* at 447-448. Thus, "any private right of action [a consumer] may have under §1681s-2(b) would require proof that a <u>consumer reporting agency</u> . . . had notified the [furnishing entity] pursuant to §1681i(a)(2)." *Id.* at 448 (citing *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002)) (emphasis in original).

Given that the Complaint is silent as to whether Plaintiffs notified a consumer rating agency about the inaccuracies, the Complaint does not state a claim upon which relief can be granted.

**IT IS THEREFORE** on this 17th day of May, 2023,

**ORDERED** that Plaintiffs' application to proceed *in forma pauperis* [ECF No. 1] is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court shall administratively terminate this case, without filing the petition or assessing a filing fee; Plaintiffs are informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't*, 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [petition] is submitted to the clerk before the statute runs …."); and it is further

**ORDERED** that the Clerk of the Court shall forward Plaintiffs a blank form Application to Proceed in District Court Without Prepaying Fees or Costs for use by Plaintiffs; and it is further

**ORDERED** that if Plaintiffs wish to reopen this case, they shall so notify the Court, in writing addressed to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Room 1050, Camden, NJ 08101, within 30 days of the date of entry of this Order; Plaintiffs' writing shall include an Amended Complaint addressing the deficiencies addressed in this Memorandum Opinion and Order, as well as either the filing fee or a complete application to proceed *in forma pauperis*; and it is further

**ORDERED** that upon receipt of a writing from Plaintiffs stating that they wish to reopen this case, and either the filing fee or a complete *in forma pauperis* application, the Clerk of the Court will be directed to reopen this case; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiffs by regular U.S. mail.

Hon. Karen M. Williams,
United States District Judge